UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHELLE RYAN, Individually and On Behalf of All Others Similarly Situated, ET AL., <br><br> Plaintiff, <br><br> VS. <br><br> STAFF CARE, INC., ET AL., <br><br> Defendants. | CIVIL ACTION NO. <br><br> 3:06-CV-0183-G <br><br> **ECF** |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) the motion by the plaintiffs Michelle Ryan ("Ryan" and Vanessa Moreno ("Moreno") (together "the Ryan plaintiffs") for notice to potential plaintiffs and conditional certification; and (2) the motion by the plaintiffs Dominick Rose ("Rose") and Walter Elliot ("Elliot") (together "the Rose plaintiffs") for notice to potential plaintiffs and conditional certification. For the reasons set forth herein, the motions are granted.

I. BACKGROUND

This case asserts violations of the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. § 201 *et seq.*, by the defendants Staff Care, Inc. ("Staff Care) and Merritt,

Hawkins & Associates ("MHA") (collectively, "the defendants"). Both defendants are in the business of placing healthcare professionals with healthcare providers, on either a temporary or permanent basis. *See* Motion for Notice to Potential Plaintiffs and Conditional Certification [Doc. #19] ("Ryan Motion for Notice") at 3-4; Motion for Notice to Potential Plaintiffs and Conditional Certification [Doc. #21] ("Rose Motion for Notice") at 3. Ryan worked for Staff Care as a sales consultant and for MHA as a marketing consultant. Defendant's Response to Plaintiffs' Motion for Notice to Potential Plaintiffs and Conditional Certification [Doc. #24] ("Response to Ryan Motion for Notice") at 2. Staff Care formerly employed Moreno as a Sales Consultant. *Id.* Both Rose and Elliot are former recruiting consultants for Staff Care. Defendant's Response to Plaintiffs' Motion for Notice to Potential Plaintiffs and Conditional Certification [Doc. #28] ("Response to Rose Motion for Notice") at 3.

According to the complaints,[1] the defendants required the plaintiffs to work in excess of forty hours per week without compensating the plaintiffs at the required overtime rate. *See* Complaint -- Collective Action ("Ryan Complaint") ¶¶ 1-2; Complaint -- Collective Action ("Rose Complaint") ¶¶ 1-2. The plaintiffs claim that the defendants improperly characterized their positions as exempt from the FLSA

---

[1] Procedurally, the instant case comes to this court as a consolidation of two prior cases: *Ryan v. Staff Care, Inc.*, 3:06-CV-0183-N and *Rose v. Staff Care, Inc.*, 3:06-CV-0532-N. While pending before Judge David C. Godbey, the two cases were consolidated into this single action. Accordingly, two complaints exist for this consolidated case.

overtime requirement. Ryan Complaint ¶ 14; Rose Complaint ¶ 16. Ryan, Moreno, Rose, and Elliot (collectively "the plaintiffs") brought their claims individually and on behalf of all others similarly situated.

## II. ANALYSIS

In their respective motions, the Ryan plaintiffs and the Rose plaintiffs seek for the court to conditionally certify an opt-in class under 29 U.S.C. § 216(b) for all similarly situated individuals and to approve the notice to be sent to the potential plaintiffs. The court will treat both motions together.

### A. Class Certification Under the FLSA

Section 216(b) provides that "[a]n action to recover the liability prescribed in [§ 216(b)] may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike FED. R. CIV. P. 23(b)(3), a collective action maintained under the FLSA is pursued as an opt-in class. *Compare* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."), *with* FED. R. CIV. P. 23(c)(2)(B) (requiring that the notice to class members include a statement "that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded"); see also *Lachapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir.

1975) ("Rule 23(c) provides for 'opt out' class actions. FLSA [§] 16(b) allows as class members only those who 'opt in.'"). Collective actions under the FLSA are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding of "common issues of law and fact arising from the same alleged . . . activity." See *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Previously, the Fifth Circuit has recognized two methods by which certification of an FLSA class can be approved. See *Mooney v. Aramco Services Company*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The first approach requires a class certification process similar that of Rule 23. See *id.* at 1214; *Shushan v. University of Colorado at Boulder*, 132 F.R.D. 263, 266-67 (D. Colo. 1990). Under this approach, class certification under the FLSA is identical to certification of a Rule 23 class. See *Shushan*, 132 F.R.D. at 266-67. That is, to certify a FLSA class the plaintiff must establish numerosity, commonality, typicality, and representativeness. *See* FED. R. CIV. P. 23(a). Importantly, the Rule 23 approach places the burden on the plaintiff to establish that the potential class members are "similarly situated" under the language of § 216(b) prior to notice being sent to the potential class members.

The second approach recognized by the Fifth Circuit has come to be known as the two-stage certification process. See *Mooney*, 54 F.3d at 1213. This approach

satisfies the "similarly situated" requirement of § 216(b) with a two-stage analysis: (1) the notice stage; and (2) the certification stage. See *id.* at 1213-14. At the notice stage, the inquiry by the court is considerably less rigorous than the court's initial inquiry under the Rule 23 approach. See *id.* at 1214 ("[T]his determination is made using a fairly lenient standard . . ."). "[T]he district court makes a decision -- usually based only on the pleadings and affidavits which have been submitted -- whether notice should be given to potential class members." *Id.* at 1213-14. If the court allows for notification, the court typically creates conditional certification of a representative class and allows notice to be sent to the potential opt in plaintiffs. *Id.* at 1214.

At the second stage of the two-stage process, the court determines whether the class should be maintained through trial. Typically, the second stage is precipitated by a motion to decertify by the defendant, which is usually not filed until discovery is largely complete. *Id.* By engaging in the two-stage approach, as opposed to the Rule 23 approach, "the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* Should the court at this stage choose to decertify the class, the opt-in class members are dismissed from the suit without prejudice and the case proceeds only for the class representatives in their individual capacity. *Id.*


Unsurprisingly, the plaintiffs move for the court to conditionally certify their class under the two-stage analysis, while the defendants argue that the Rule 23 approach is more appropriate. For its part, the Fifth Circuit since *Mooney* has not indicated a preference towards either approach.[2] However, other judges in this district have applied the two-stage approach. See *Aguilar v. Complete Landsculpture, Inc.*, No. 3:04-CV-0776-D, 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2004) (Fitzwater, J.) (referring to the two-stage approach as the "prevailing test among federal courts"); *Barnett v. Countrywide Credit Industries, Inc.*, No. 3:01-CV-1182-M, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002) (Lynn, J.) (stating that the two-stage approach is "the prevailing test among the federal courts"). Based on the Fifth Circuit precedent in *Mooney* and the history within this district regarding FLSA class certifications, the court adopts the two-stage approach. Thus, the question before this court is whether, under the lenient standard of the notice stage, the plaintiff, through their pleadings and affidavits, have demonstrated that the named plaintiffs are "similarly situated" to the potential class members.

For the class representative to be considered similarly situated to the potential opt in class members, the class representative must be similarly situated in terms of job requirements and similarly situated in terms of payment provisions. See *Dybach v. State of Florida Department of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

---

[2] The court notes that *Mooney* itself involved class certification under the two-stage approach. *See* 54 F.3d at 1214.

"The positions need not be identical, but similar." *Barnett*, 2002 WL 1023161, at *1 (quoting *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994). The "similarly situated" requirement of § 216(b) is less stringent than the "similarly situated" requirement of FED. R. CIV. P. 20 and 42. See *Grayson v. K Mart Corporation*, 79 F.3d 1086, 1096 (11th Cir.), *cert. denied*, 519 U.S. 982 (1996). "A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Donohue v. Francis Services, Inc.*, Civ. A. No. 041-170, 2004 WL 1161366, at *1 (E.D. La. May 24, 2004) (quoting *Whitworth v.. Chiles Offshore Corporation*, Civ. A. No. 92-1504, 1992 WL 235907, at *1 (E.D. La. Sept. 2, 1992)).

In both of the proposed classes, the named plaintiffs have met their lenient burden of establishing that they are similarly situated to the potential class members. The affidavits of the plaintiffs establish that the potential class members had (or have) the same job requirements and pay provisions as the named plaintiffs. Furthermore, the actions by the defendants being complained of here were part of companywide policies classifying all employees in positions similar to the plaintiffs as exempt from the FLSA overtime requirements. Accordingly, the court grants conditional certification of the class.

B. <u>Scope of the Conditional Class</u>

In their motion for class certification, the plaintiffs ask the court to certify a class that encompasses all employees of Staff Care and MHA who "sold placement services for [Staff Care] or [MHA] as Marketers (including, but not limited to those with the title of 'Account Executive' and 'Marketing Consultant')". Ryan Motion for Notice at 19. Furthermore, the plaintiffs request that the class be broad enough to encompass employees who worked for the defendants at locations outside the State of Texas.

To the extent that the plaintiffs seek for the class to include all employees who "sold placement services," the court is in agreement with the defendants -- defining the class in such a manner is overly broad. Before the court are named plaintiffs who the court conditionally determines to be representative of all Staff Care sales consultants, all Staff Care recruiting consultants, and all MHA marketing consultants. It is only with respect to these three positions that the named plaintiffs have established similarity of job requirements and similarity of pay provisions between themselves and the potential plaintiffs. Thus, the scope of the class is limited to these positions.

However, to the extent that the plaintiffs seek a class broad enough to encompass these three employment categories on a companywide basis, the court finds that the plaintiffs have made a sufficient showing to warrant nationwide

breadth. When the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. See *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 375 (E.D. Tenn. 2006). While the defendants attempt to argue that there is no evidence before the court sufficient to determine whether the non-Texas employees are similarly situated to the named plaintiffs, their own evidence indicates otherwise. Staff Care, through its divisional vice president Joe Buckley, admits that the change in classification from exempt to non-exempt status occurred for all sales consultants and recruiting consultants company-wide and was not specific to the Texas office. Declaration of Joe Buckley ("Buckley Sales Consultant Declaration") ¶ 3, *attached to* Response to Ryan Motion for Notice, *as* Exhibit A; Declaration of Joe Buckley ("Buckley Recruiting Consultant Declaration") ¶ 3, *attached to* Response to Rose Motion for Notice, *as* Exhibit A. Furthermore, in Staff Care's attempt to characterize the sales consultant and recruiting consultant positions as being highly individualized, enough information is provided to the court to indicate, for purposes of conditional certification, that companywide all sales consultants and all recruiting consultants are similarly situated in terms of job requirements and pay provisions. *See* Buckley Sales Consultant Declaration ¶¶ 9-13; Buckley Recruiting Consultant Declaration ¶¶ 9-21. The same is true for MHA's marketing consultants. While the execution of the job requirements may vary among the marketing consultants, nationwide the marketing

consultants share the same objectives and responsibilities.  *See* Declaration of Travis Singelton ("Singelton Declaration"") ¶¶ 9-15, *attached to* Response to Ryan Motion for Notice, *as* Exhibit B.  Additionally, and perhaps most importantly, the marketing consultants all share the same pay provision which is at issue here.  See *id.* ¶ 3.[3]  Accordingly, the court grants leave to the plaintiffs to send notice to all current and former Staff Care sales consultants, Staff Care recruiting consultants, and MHA marketing consultants who were employed by the defendants during the relevant time period.

## C.  Specific Objections to the Notice

The defendants raise several specific objections to the proposed notice.  However, in their reply to the defendants' response, the plaintiffs indicate that they are not in disagreement with the majority of the specific objections.  The court is inclined to take the suggestion of the plaintiffs.  The parties are ordered to confer with each other to resolve their differences regarding the notice.  Within fourteen (14) days from the date of this memorandum opinion and order, the plaintiffs shall either (1) submit a joint proposed class notice to the court for its consideration or (2) file a motion for approval of an opposed notice, after which the normal briefing schedule shall follow.

---

[3]     Unlike Staff Care, MHA has not reclassified its marketing consultants as non-exempt.  Singleton Declaration ¶ 3.  While this fact may support MHA's defense to the underlying suit or the need for subclassing in this case, this fact is insufficient to deny certification of a nationwide class.

III.  CONCLUSION

For the reasons stated above, the plaintiffs' motion for conditional certification is **GRANTED**.  The defendants are hereby **ORDERED** to provide to the plaintiffs the names and last known addresses of all sales consultants and recruiting consultants employed by Staff Care during the applicable period and all marketing consultants employed by MHA during the applicable period.  The parties are further **ORDERED** to confer with one another in an effort to resolve their disagreements regarding the notice to be sent to the potential plaintiffs.  The plaintiffs are **ORDERED** to electronically file either a joint proposed class notice or a motion for approval of an opposed notice no later than fourteen (14) days from the date of this memorandum opinion and order.

July 6, 2007.

_____
A. JOE FISH
CHIEF JUDGE